# United States District Court

FOR THE
**NORTHERN DISTRICT OF CALIFORNIA**

VENUE: SAN FRANCISCO

CR21-187 CRB

UNITED STATES OF AMERICA,

V.

GEOFFREY MARK PALERMO, and
ADAN ROLDAN,

**FILED**

May 04 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

DEFENDANT(S).

## INDICTMENT

VIOLATIONS: 18 U.S.C. § 1349 - conspiracy to commit wire fraud

A true bill.

/s/ Foreperson of the Grand Jury.

Foreman

Filed in open court this __4th__ day of

__May 2021__.

_____ Clerk

Bail, $ __No Bail__

Hon. Thomas S. Hixson, U.S. Magistrate Judge

FILED

May 04 2021

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO

STEPHANIE M. HINDS (CABN 154284)
Acting United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> GEOFFREY MARK PALERMO, and ADAN ROLDAN, <br> a/k/a George Villanuevo, <br><br> Defendants. | CASE NO. CR21-187 CRB <br><br> VIOLATIONS: <br> 18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud; <br> 18 U.S.C. § 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c) – Forfeiture Allegation <br><br> SAN FRANCISCO VENUE |

I N D I C T M E N T

The Grand Jury charges:

At all times relevant to this Indictment, unless otherwise indicated:

Defendant and Relevant Entities

1. Defendant GEOFFREY MARK PALERMO was an individual who resided in Novato, California and conducted business in San Francisco, California and elsewhere.

2. Defendant ADAN ROLDAN was an individual who resided in the Northern District of California, and elsewhere, and conducted business in San Francisco, California, and elsewhere.

3. GMP Management Corporation ("GMP Management") was a California corporation wholly owned and controlled by PALERMO. GMP Management's primary business was the

INDICTMENT

administration and management of hotels.

4. A. Roldan Construction, Inc. ("A. Roldan Construction") was a California corporation wholly owned and controlled by ROLDAN. A. Roldan Construction's primary business was construction and general contracting.

5. Starting no later than 2008 and continuing until approximately June 2016, PALERMO managed the Hilton hotel located at 750 Kearny Street in San Francisco, California ("Hilton San Francisco"). During this time period, the Hilton San Francisco was owned and operated by Justice Investors LP ("Justice Investors"), a California entity. PALERMO was a minority partner in Justice Investors. He also held the title of Managing Director of Justice Investors from approximately November 2008 until his resignation on or about June 8, 2016.

6. From on or about December 1, 2013 through on or about June 8, 2016, GMP Management had a Management Services Agreement with Justice Investors for administration and management of the Hilton San Francisco.

7. PALERMO was the President of GMP Management and had authority, under the Management Services Agreement, to enter into contracts on behalf of Justice Investors, choose contractors, and otherwise manage construction and capital improvement projects at the Hilton San Francisco.

8. PALERMO opened Justice Investors' accounts at East West Bank and Wells Fargo Bank. He had signing authority for these accounts.

9. One of the contractors PALERMO hired to perform work at the Hilton San Francisco between January 2013 and June 2016 was ROLDAN through his company, A. Roldan Construction.

10. Between 2013 and 2016, based upon contracts arranged by PALERMO, Justice Investors paid ROLDAN's construction company, A. Roldan Construction, approximately $6.4 million for various construction projects at the San Francisco Hilton.

11. PALERMO reviewed and approved, and caused to be reviewed and approved, checks paid from Justice Investors to A. Roldan Construction based on invoices submitted by A. Roldan Construction.

///

INDICTMENT                                                   2

<u>The Conspiracy and Scheme to Defraud Related to the Hilton San Francisco</u>

12. Beginning on a date unknown to the Grand Jury, but no later than approximately 2013, and continuing through June 2016, in the Northern District of California, and elsewhere, PALERMO and ROLDAN, and others known and unknown to the Grand Jury, knowingly devised, intended to devise, and carried out a scheme and artifice to obtain money from Justice Investors by means of materially false and fraudulent pretenses, representations, and promises, and by omission and concealment of material facts and omissions of material facts with a duty to disclose, and attempting to do so, did knowingly transmit, and cause to be transmitted, the following writings, signs, signals, pictures, and sounds in interstate and foreign commerce by means of wire communications. The scheme deprived Justice Investors of its money and property by ROLDAN creating and submitting fraudulent and inflated invoices to the Hilton San Francisco, which were paid by PALERMO using Justice Investors' funds, and which ROLDAN used to pay kickbacks to PALERMO, which in turn resulted in PALERMO continuing to hire ROLDAN to perform work at the Hilton San Francisco

13. The scheme involved the following acts, among others, which were committed or caused to be committed, in the Northern District of California and elsewhere:

  a. Starting no later than January 2013, PALERMO hired ROLDAN and his company, A. Roldan Construction, to complete capital improvement projects at the Hilton San Francisco.

  b. ROLDAN created fraudulent or inflated invoices that were padded to cover sums that ROLDAN would later kick back to PALERMO.

  c. ROLDAN submitted these fraudulent and inflated invoices to Justice Investors for the capital improvement projects which PALERMO hired A. Roldan Construction to perform.

  d. PALERMO paid and caused to be paid checks from Justice Investors' bank accounts to ROLDAN for fraudulent and inflated invoices for those capital improvement projects.

  e. Between January 2013 and June 2016, PALERMO signed or authorized approximately 455 checks from Justice Investors' accounts to ROLDAN and A. Roldan Construction totaling approximately $6.4 million.

INDICTMENT                                            3

    f.  From 2013 through 2016, ROLDAN transferred some of this $6.4 million from an account ending in the last 4 digits 5672 in the name of A. Roldan Construction to an account ROLDAN controlled in the name of The Bahama Reef Living Trust ("Bahama Reef account") ending in the last 4 digits 3273.  Often, ROLDAN would deposit Justice Investors' funds in the A. Roldan Construction account and transfer some of those funds to the Bahama Reef account on the same day.

    g.  On October 21, 2015, ROLDAN deposited four checks from Justice Investors in the A. Roldan Construction Account ending in the last 4 digits 5672, totaling approximately $145,915.  These checks corresponded to inflated invoices ROLDAN had submitted for capital improvement projects at the Hilton San Francisco.  The same day, October 21, 2015, ROLDAN transferred $125,000 from the A. Roldan Construction account, ending in the last 4 digits 5672, to the Bahama Reef account, ending in the last 4 digits 3273.  Also on October 21, 2015, ROLDAN wrote check #1107 for $125,000 from the Bahama Reef account, ending in the last 4 digits 3273, with the memo "2016 Porsche RS" to an account controlled by PALERMO.

    h.  From 2013 through February 2016, ROLDAN wrote checks from the Bahama Reef account to various bank accounts controlled by PALERMO totaling approximately $1,535,965 in kickbacks funneled to PALERMO through ROLDAN's Bahama Reef account.  These checks were processed through the Federal Reserve System, whose computer servers are located outside California.

    i.  Based on the kickbacks ROLDAN paid to PALERMO, PALERMO continued to hire ROLDAN to perform work at the Hilton San Francisco and paid ROLDAN through at least May 11, 2016.

    j.  On May 5, 2016, PALERMO signed and authorized check #4744 for $5,000 paid from Justice Investors to A. Roldan Construction, which check ROLDAN deposited at ROLDAN's Redwood City Credit Union account ending in the last 4 digits 5672, in Santa Rosa, California.  The memo line check #4744 contained the notation "Moving Documents to Outside Storage".  This check deposit was processed through the Federal Reserve System, whose computer servers are located outside California.

INDICTMENT              4

  k. On May 11, 2016, PALERMO signed and authorized check #4715 for $4,000 paid from Justice Investors to A. Roldan Construction, which check ROLDAN deposited at ROLDAN's Redwood City Credit Union account ending in the last 4 digits 5672, in Santa Rosa, California. The memo line on check #4715 contained the notation "Moving Miscellaneous to Outside Storage". This check deposit was processed through the Federal Reserve System, whose computer servers are located outside California.

  l. On May 11, 2016, PALERMO signed and authorized check #4716 for $25,000 paid from Justice Investors to A. Roldan Construction, which ROLDAN deposited at ROLDAN's Redwood City Credit Union account ending in the last 4 digits 5672, in Santa Rosa, California. The memo line on check #4716 contained the notation "Hilton Guest Counter Top Support Supplies". This check deposit was processed through the Federal Reserve System, whose computer servers are located outside California.

  14. As part of the conspiracy and scheme to defraud, PALERMO and ROLDAN engaged in conduct and made material false representations, promises, and omissions, and engaged in acts of concealment, including, but not limited to, the following:

  a. PALERMO did not disclose to Justice Investors the kickbacks he received from ROLDAN.

  b. From January 2013 to May 2016, ROLDAN submitted fraudulent and inflated invoices for capital improvement projects and other work performed at the Hilton San Francisco in order to conceal the kickbacks he was paying and had paid to PALERMO.

  c. ROLDAN wrote false entries in the memo line of checks from the Bahama Reef account to bank accounts controlled by PALERMO. Those false memo line entries included, but were not limited to, the terms and phrases "Rent", "Rent Balance on '56 Packard", "56 Mercedes deposit", and "64 Jaguar restoration". The entries on the memo line of these checks were designed to conceal that the checks were actually kickbacks to PALERMO.

  d. On October 21, 2015, ROLDAN falsely wrote "2016 Porsche RS" on the memo line of check #1107 for $125,000 from the Bahama Reef account to an account controlled by PALERMO. The entry on the memo line was designed to conceal that the check was actually a

INDICTMENT          5

kickback to PALERMO.

COUNT ONE:        (18 U.S.C. § 1349 – Conspiracy to Commit Wire Fraud)

15. Paragraphs 1 through 14 are re-alleged and incorporated as if fully set forth here.

16. Beginning at a date unknown, but no later than in or about 2013 and continuing through in or about June 2016, in the Northern District of California and elsewhere, the defendants,

GEOFFREY MARK PALERMO, and
ADAN ROLDAN,

and others, did knowingly conspire to devise and intend to devise a scheme and artifice to defraud as to a material matter, and to obtain money and property by means of materially false and fraudulent pretenses, representations, and promises, and by omission and concealment of material facts, and, for the purpose of executing such a scheme or artifice and attempting to do so, did transmit, and cause to be transmitted, by means of wire communication in interstate and foreign commerce, certain writings, signs, signals, pictures, and sounds, in violation of Title 18, United States Code, Section 1343.

All in violation of Title 18, United States Code, Section 1349.

FORFEITURE ALLEGATION:     (18 U.S.C. § 981(a)(1)(C), 982(a)(2), and 28 U.S.C. § 2461(c))

17. The allegations contained in this Indictment are re-alleged and incorporated by reference for the purpose of alleging forfeiture pursuant to Title 18, United States Code, Section 981(a)(1)(C), 982(a)(2), and Title 28, United States Code, Section 2461(c).

18. Upon conviction for any of the offenses set forth in this Indictment, the defendants,

GEOFFREY MARK PALERMO, and
ADAN ROLDAN,

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), 982(a)(2), and Title 28, United States Code, Section 2461(c), all property, real or personal, constituting, or derived from proceeds the defendant obtained directly and indirectly, as the result of those violations.

19. If any of the property described above, as a result of any act or omission of the defendants:

   a. cannot be located upon exercise of due diligence;
   b. has been transferred or sold to, or deposited with, a third party;

INDICTMENT                                6

      c.  has been placed beyond the jurisdiction of the court;

      d.  has been substantially diminished in value; or

      e.  has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

All pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United States Code, Section 2461(c), and Federal Rule of Criminal Procedure 32.2.

DATED: May 04, 2021

A TRUE BILL.

/s/ Foreperson
FOREPERSON

STEPHANIE M. HINDS
Acting United States Attorney

/s/ Christiaan Highsmith
CHRISTIAAN H. HIGHSMITH
Assistant United States Attorney